STATE OF NORTH CAROLINA v. JULIUS BILL CARSON, JR.

No. 7923SC879

(Filed 1 April 1980)

1. **Constitutional Law § 31— defendant not provided private investigator—no error**

    The trial court did not err in denying the indigent defendant's motion for appointment of a private investigator for assistance in locating alibi witnesses

since defendant's allegations and representations as to the identity of one of the witnesses were so vague as to suggest on their face that a search for him would be futile, and the whereabouts of the other witnesses were sufficiently known to defendant and his counsel to enable them, with due diligence, to locate him without further assistance.

**2. Criminal Law § 98.2— sequestration of witnesses—failure to renew motion**

Defendant waived his right to question the propriety of the trial court's failure to order sequestration of the State's witness where defendant moved for sequestration two months before trial; the court reserved ruling on the motion until trial; and when the cause came on for trial the motion to sequester was not raised by defendant's counsel, nor was any objection made to the court's failure to sequester.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 12 June 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 8 February 1980.

Defendant was tried and convicted upon an indictment charging him with felonious breaking or entering and larceny. The State's evidence showed that about 5:30 p.m. on 19 January 1979, Nelson Call heard dogs barking near a new house being built by his father, Ford Call. He went to investigate and found the defendant standing in the kitchen with a microwave oven in his hands. The oven had been previously stored in the utility room of the house. In the meantime, Nelson's brother, Ransom Call, had observed defendant drive up to the house. Nelson then proceeded to the house and joined Ransom. They talked with the defendant who told them he had been sent to repair the oven. Defendant carried the oven back to the utility room, where it had previously been stored, and after a short further conversation, left the house. Ford call testified that he kept the house locked, that he had stored the oven in the house, that the oven was worth about $500, and that he had not given defendant permission to enter the house.

Defendant testified that he had previously been to the house to compare the sheetrock work with his own work, but that he was not there on 19 January 1979. He stated that from 3:30 until 6:30 p.m. on 19 January 1979, he stayed at the B & D Quik Stop. While there, he had loaned his car to an acquaintance who returned the car at about 6:00 p.m.

The jury found defendant guilty as charged and from the trial court's entry of judgment thereupon, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Everette Noland, for the State.*

*Brewer & Freeman, by Paul W. Freeman, Jr., for the defendant appellant.*

WELLS, Judge.

**[1]** Defendant assigns as error the trial court's denial of his motion for appointment of a private investigator. Defendant was arrested and arraigned on 22 January 1979. The indictment was handed down on 9 April 1979. On 3 April 1979, defendant moved through his court appointed counsel for an order requiring the State to furnish him with a private investigator to assist him in the preparation of his defense and in locating material witnesses. In his motion, defendant alleged that despite diligent efforts of defendant and his counsel, they had been unable to locate two witnesses material to defendant's defense and that the testimony of the witnesses would establish defendant's alibi. Defendant stated that he was indigent and financially unable to employ a trained criminal investigator, and that neither defendant nor his counsel had sufficient expertise in the area of criminal investigation to locate the witnesses. In *State v. Tatum,* 291 N.C. 73, 229 S.E. 2d 562 (1976), our Supreme Court held that the decision as to whether to appoint a private investigator for an indigent defendant rests within the sound discretion of the trial judge, and that such an appointment should be made with caution and only upon a clear showing that specific evidence is reasonably available and necessary for a proper defense.

While we recognize that in many circumstances, the help of an investigator may be critical to the preparation of an adequate defense, it does not appear that this defendant has made out such a case. Defendant's allegations and representations as to the identity of one of the witnesses were so vague as to suggest on their face that a search for him would be futile. As to the other witness, it would appear that his whereabouts were well-enough known to defendant and his counsel to enable them, with due diligence, to locate him without further assistance. Additionally, we note that defendant was arrested on 22 January 1979, three days after commission of the crimes with which he was charged. Yet, defendant offered no testimony in support of his alibi from

employees of the B & D Quik Stop, where defendant contends he spent three consecutive hours on the afternoon the crime was committed. We conclude that the trial court did not abuse its discretion by denying defendant's request.

[2]  On 3 April 1979, defendant also moved the court to sequester the State's witnesses. The motion came on for hearing on 9 April 1979, at which time defendant presented three other motions to the court. The court ruled on the other three motions but, without objection, reserved ruling on the motion to sequester until trial. When the cause came on for trial on 11 June 1979, the motion to sequester was not raised by defendant's counsel, nor was any objection made to the court's failure to sequester. Under these circumstances, we believe that defendant has waived his right to raise the propriety of the trial court's failure to order sequestration. Additionally, the sequestration of witnesses is a matter of discretion on the part of the trial court. *State v. Mason*, 295 N.C. 584, 248 S.E. 2d 241 (1978), *cert. denied*, 440 U.S. 984, 60 L.Ed. 2d 246, 99 S.Ct. 1797 (1979). The testimony of the Call brothers reveals that each independently viewed defendant, and accordingly, the opportunity for collusion was slight. Under these circumstances we do not believe the trial court's denial of sequestration constituted an abuse of discretion. *See, State v. Willard*, 293 N.C. 394, 238 S.E. 2d 509 (1977).

Defendant also assigns as error the denial of his motion for an order directing the court to submit to an *in camera* inspection of all statements made by the State's witnesses prior to trial, and to disclose the contents of such statements to defendant prior to defendant's cross-examination of each such witness. The trial court declined to rule on the motion when it was first heard on 9 April 1979, noting that it could be renewed at trial. Defendant agreed to this. At trial, the motion was renewed and the trial court ruled that upon defendant's request, he would permit *in camera* inspection of the statement of any witness who testified. Defendant's counsel agreed, although defendant made no request during the trial for any such inspection. No such statements are included in the record.

We agree that under the authority of *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977), defendant's entitlement to have any such statements reviewed by the court for appropriate

disposition cannot be questioned. In that defendant has not shown whether any such statements existed or what they contained, we are bound to follow the directive of our Supreme Court in *Hardy*, that an appellate court cannot award a new trial based on pure speculation as to what the statements might have contained.

We have carefully reviewed defendant's remaining assignments of error, including those relating to the charge and allegedly improper statements which the court made to the jury, and find that they are without merit.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.